UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| MERRYL D. WEISS, wife of/and<br>ROBERT U. WEISS, JR., M.D. | * | CIVIL ACTION NO.: 06-cv-3774 |
| | * | |
| | * | JUDGE: VANCE (R) |
| VERSUS | * | |
| | * | MAGISTRATE: CHASEZ (5) |
| ALLSTATE INSURANCE COMPANY | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## DEFENDANT ALLSTATE INSURANCE COMPANY'S AMENDED RESPONSES TO PLAINTIFFS' INTERROGATORIES, REQUEST FOR PRODUCTION OF DOCUMENTS AND REQUEST FOR ADMISSIONS

NOW INTO COURT, through undersigned counsel, comes Allstate Insurance Company ("Allstate"), who amends its Responses to Plaintiffs' Interrogatories, Request for Production of Documents and Request for Admissions and submits the following in place of its original responses.

### OBJECTIONS APLICABLE TO EACH REQUEST

A. Plaintiffs have failed to define, with specificity or otherwise, any of the terms used in the requests. Consequently, Allstate will use those terms to the best of its understanding.

B. Allstate objects to the discovery requests as overbroad and unduly burdensome insofar as they seek information already in the possession, custody, or control of the plaintiffs.

C. Allstate objects to the extent that any request or interrogatory may be construed as calling for documents or information subject to a claim of privilege or other protective doctrine,



1

77521

including, without limitation, the attorney-client privilege and the work product or anticipation of litigation doctrines, and the self-evaluation privilege, and its responses and production shall exclude any such privileged or protected information and documentation. It is not Allstate's intention to waive any privileges, and to the extent any privileged or protected document is produced, that production is inadvertent.

D. The responses pursuant to this written response, or any later responses, are without prejudice to Allstate's right to object later that any such document or information is protected by the attorney-client privilege or the work product and/or anticipation of litigation doctrines. It is specifically represented that production of any such protected document is inadvertent. Nor shall the production of any document be construed as an admission by Allstate that said document is relevant, material, authentic, or otherwise admissible as evidence. Allstate reserves any and all objections to admissibility at trial of any document produced hereunder.

E. Allstate objects to the discovery requests to the extent they seek information containing or constituting trade secrets or other confidential or proprietary business information of Allstate and/or of third parties, and Allstate will not produce any such documents in the absence of the entry of an appropriate protective order in the case.

F. Allstate objects to the discovery requests to the extent they seek confidential and/or proprietary information, and Allstate will not provide such information until an appropriate protective order is entered to protect this information.

G. Allstate objects to the discovery requests to the extent they seek documents or information not in the possession, custody or control of Allstate.

77521

H. Allstate objects to the discovery requests to the extent that they purport to impose obligations on Allstate that exceed the scope of discovery under the Federal Rules of Civil Procedure and the local rules of this Court.

I. Allstate objects to the requests to the extent that they seek to compel Allstate to produce "all" documents of a certain category. Use of the term "all" is overly broad and unduly burdensome in the context of this case and with regard to the nature of the claims and defenses asserted. Allstate is a large corporation that often has documents stored in multiple locations for different purposes under the supervision of multiple individuals. Searching its records, which are maintained in several different locations, for "all" documents of a certain type would be an unduly burdensome undertaking. To the extent that Allstate states that it will produce documents, such a response is meant to indicate that Allstate has undertaken a good faith search to locate responsive documents in files where it believes that such documents would likely be found, if they existed.

J. Allstate objects to the requests under Rule 33 of the Federal Rules of Civil Procedure to the extent that the plaintiffs' Interrogatories exceed 25 in number, including all discrete subparts.

K. Allstate's investigation into the claims and defenses raised in this lawsuit is ongoing, and Allstate expressly reserves the right to amend, modify and/or supplement its responses to these discovery requests.

## RESPONSES TO INTERROGATORIES

**INTERROGATORY NO. 1:**

Please identify each and every person who participated in answering this discovery, by giving their names, addresses, telephone numbers, by what company said person is employed, and in what position said person is currently employed with their respective companies. **(Additionally, please have all individuals participating in responding to this discovery sign sworn verifications relative to these responses. A response that Allstate's counsel responded to the discovery is insufficient.)**

**ANSWER TO INTERROGATORY NO. 1:**

In addition to the Objections Applicable to Each Request, Allstate objects to Interrogatory No. 1 as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Allstate further objects to this interrogatory to the extent it seeks information protected by the work product and/or attorney client privileges. Finally, Allstate objects to the request, to the extent that it seeks information and/or documents not subject to discovery under the Federal Rules of Civil Procedure. Subject to all objections, Allstate asserts that, in addition to the undersigned counsel, Anthony Lozado, file handler, participated in answering this discovery. Mr. Lozado is not an Allstate employee. He is employed by Pilot Catastrophe Services, Inc., 1055 Hillcrest Rd., Mobile, Alabama 36695, phone no. 800-345-2287. Mr. Lozado is currently on assignment to Allstate's Lake Mary, Florida facility. Allstate requests that counsel not attempt to contact the Lake Mary facility directly and that any communications with Mr. Lozado be directed through Pilot's general counsel, John Bell.

Pursuant to Rule 33, Fed.R.Civ.P., Allstate will provide a verification of these discovery responses by Ken Mauro of Allstate. Allstate objects to providing multiple verifications by "all individuals participating in responding to this discovery" as unduly burdensome and cumulative

4

77521

and as attempting to impose obligations not required under the Federal Rules of Civil Procedure. Allstate further states that Ken Mauro is verifying these responses solely as a representative of Allstate and that his verification does not signify that he has personal knowledge of the information contained herein or otherwise produced.

**INTERROGATORY NO. 2:**

Please state the full name of your company and the address of its principle (sic) place of business, and indicate the type of entity it exists as (corporation, partnership, limited liability company or otherwise), indicate the date of incorporation, organization, registered or otherwise.

**ANSWER TO INTERROGATORY NO. 2:**

Allstate Insurance Company is an Illinois Corporation, incorporated February 9, 1931. The company's principal place of business is 3075 Sanders Road, Suite H1a, Northbrook, Illinois 60062-7127.

**INTERROGATORY NO. 3:**

Please give the name, address, telephone number and position held for the following individuals:

Philip Cagnina
Mike Wells
Dawin Price
William Smalling
Henry Barnes
Tommy Temple
David Huey
Tony Fike
Gary Ensey
Jason Morgan
Tina (Lake Mary Florida office)
Terri Campbell
Tammy Abney
Jerry Higgins

In answering this interrogatory, please state whether each of the individuals listed above is still employed, or performing contract work, on behalf of Allstate Insurance Company.

77521

## ANSWER TO INTERROGATORY NO. 3:

Subject to the Objections Applicable to Each Request, Allstate responds as follows:

Philip Cagnina, Pilot adjuster

Mike Wells, Pilot structure adjuster
4508 Country Club Drive
Dickinson, TX 77539
Phone: (281) 337-6363

Dawin Price, Pilot adjuster

William Smalling

Henry Barnes, Pilot structure adjuster
Post Office Box 1001
Bayou LaBatre, AL 36509
Phone: (251) 824-4770

Tommy Temple, Pilot adjuster
Post Office Box 191192
Mobile, AL 36619
Phone: (251) 661-4029

David Huey

Tony Fike

Gary Ensey, Pilot structure adjuster
1005 Pebble Street
Bowie, TX 76230
Phone: (940) 872-3374

Jason Morgan, file handler previously assigned to Weiss claim
1101 Greenwood Boulevard, Suite 301
Lake Mary, FL 32746
Phone: (877) 286-3510 (ext. 13268)

Tina Thompson, Pilot contents adjuster
P.O. Box 31434
Myrtle Beach, SC 29588
Phone: (843) 222-4467

77521

Terri Campbell, claim coordinator, mediation unit
P.O. Box 952379
Lake Mary, FL 32795
Phone: (877) 286-3510 (ext. 13410)

Tammy Abney, Pilot contents adjuster
1552 East Ridge Drive
Slidell, LA 70458
Phone: (985) 639-9060

Jerry Higgins

Allstate further states that it is continuing to investigate with respect to the request and will supplement its response when additional responsive information becomes available. As for the persons for whom Allstate has not provided contact information, Allstate states that such information is not within its possession and that Allstate was not able to identify certain persons listed by plaintiffs in their request. Allstate further requests that plaintiffs not attempt to contact referenced Pilot personnel and that said persons may be contacted through Pilot's general counsel, John Bell, at the address and phone number indicated above.

### INTERROGATORY NO. 4:

Please identify any and all agents and/or employees of Allstate **(including in-house counsel)** who participated, in any way, in the evaluating and/or adjusting or supervising the evaluation and/or adjustment of the Weiss claims for property damage at issue (Hurricane Katrina claim) by stating each individual's full name, home and work address, home and work telephone number, social security number, **and a detailed narrative outlining the scope, responsibilities, and participation on said claim of each particular individual and the date any activity was performed.** This Interrogatory includes any and all independent adjusters and/or consultants retained, used or employed by Allstate.

### ANSWER TO INTERROGATORY NO. 4:

In addition to the Objections Applicable to Each Request, Allstate objects to Interrogatory No. 4 as vague, ambiguous, overly broad and not calculated to lead to the discovery of admissible evidence. Allstate further objects to this interrogatory to the extent it seeks information protected by the work product and/or attorney client privileges. Finally,

7

Allstate further objects to the interrogatory on the grounds that the terms "participated" and "evaluating" are not defined, making it difficult for Allstate to respond. Subject to all objections, Allstate asserts that the following individuals participated in the evaluating and/or adjusting or supervising of the Weiss homeowner claim, to the best of Allstate's knowledge: Ronald D. Rhoads, Pilot adjuster; Phillip Cagnina, IV, Pilot adjuster; Darwin Blake Price, Pilot adjuster; Michael Wells, Pilot structure adjuster; Greg Lott, Pilot ALE adjuster; Tina Thompson, Pilot contents adjuster; Tammany Barnette, Pilot ALE adjuster, 1675 Knollwood Drive, Apartment # 504, Mobile, AL 36609, Phone: (281) 432-2948; Tammy Abney, Pilot contents adjuster; April Hammonds, Pilot ALE adjuster, 5291 Balfour Place, Pensacola, FL, Phone: (770) 262-3175; Tom Temple, Pilot structure field adjuster; Gary Ensy, Pilot structure adjuster; Jason Morgan, file handler; Anthony Lozado, file handler.

With respect to the request for a description of the participation of each named person, Allstate has produced non-privileged portions of the claims file for your review, which disclose the adjustment of the Weisses' claim and the nature of each individual's participation or involvement therein. Allstate further states that it is continuing to investigate with respect to the request and will supplement its response when additional responsive information becomes available. Until Allstate is able to obtain contact information for each of the persons listed, Allstate states that Plaintiffs may contact the listed persons through John Bell, counsel for Pilot.

**INTERROGATORY NO. 5:**

Please state in detail the policies, practices and/or procedures used by Allstate to determine the Weisses' losses from Hurricane Katrina. This Interrogatory calls for information including, but not limited to, the policies, practices and/or procedures, set forth verbally or in writing, and used by Allstate in its fundamental approach in attempting to adjust property damage claims, including large scale and extensive property damage claims.

77521

## ANSWER TO INTERROGATORY NO. 5:

In addition to the Objections Applicable to Each Request, Allstate objects to Interrogatory No. 5 as vague, ambiguous, overly broad, unduly burdensome, not temporally limited, and not reasonably calculated to lead to the discovery of admissible evidence. Allstate also objects to the interrogatory to the extent that the information sought is protected by the attorney-client privilege and/or the work product privilege. Additionally, Allstate objects to the interrogatory on the grounds that the terms "policies," "practices," "procedures" and "fundamental approach" are not defined, making it difficult, if not impossible, for Allstate to respond. Finally, Allstate objects to this request on the basis that it seeks documents containing proprietary and confidential information and/or trade secrets. Subject to all objections, Allstate states it relies on numerous sources of information in adjusting claims, including the insured's policy, proofs of loss or other information submitted by an insured and data obtained in investigating the property. Allstate further states that its approach in attempting to adjust property damage claims is to pay insureds the amount due under their policies. Generally, personnel assigned to handle specific claims attempt to determine the extent of damage, if any, caused by a covered peril, and to compensate an insured accordingly. Among the sources of information that may be relied upon are visual inspection of the loss, loss estimating software, any estimates or other information provided by an insured, and, when necessary, reports provided by outside engineers and consultants. Allstate further refers Plaintiffs to the Pilot Operational Guide and the document entitled "Louisiana Issues," which discusses Louisiana-specific adjusting issues. These documents are being produced in accordance with the entry of a protective order by the Court. In addition, the specifics of the adjustment of the Weisses' claim are contained in the Weisses' claim file, previously produced.

**INTERROGATORY NO. 6:**

Please identify each person or entity who/which participated in the creation of the policies, practices and/or procedures described in Interrogatory No. 5 above by stating each person's business address, position with Allstate or any consulting company, telephone number, and a description of each person's participation in the creative process.

**ANSWER TO INTERROGATORY NO. 6:**

In addition to the Objections Applicable to Each Request, Allstate objects to Interrogatory No. 6 as vague, ambiguous, overly broad, unduly burdensome, not temporally limited and not reasonably calculated to lead to the discovery of admissible evidence. Allstate also objects to the interrogatory to the extent that the information sought is protected by the attorney-client privilege or the work product privilege. Finally, Allstate objects to the interrogatory on the grounds that the terms "creation," "policies," "practices" and "procedures" are not defined, making it difficult, if not impossible, for Allstate to respond.

**INTERROGATORY NO. 7:**

Please state in detail the policy, practice and/or procedure, and each separate step that was used to determine any time limits which obligated Allstate to tender money to the Weisses under their policy or to make a written settle their claim.

**ANSWER TO INTERROGATORY NO. 7:**

In addition to the Objections Applicable to Each Request, Allstate objects to Interrogatory No. 7 as vague, ambiguous, overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Allstate also objects to the interrogatory to the extent that the information sought is protected by the attorney-client privilege or the work product privilege and/or calls for a legal conclusion. Finally, Allstate objects to the interrogatory on the grounds that the terms "policies," "practices" and "procedures" are not defined, making it difficult, if not impossible, for Allstate to respond.

Subject to all objections, Allstate refers Plaintiffs to, among other things, the Louisiana Revised Statutes and the Weisses' policy, policy No. 021969551, which speak for themselves.

In addition, Allstate states that its goal is to process all claims in a timely and expeditious manner and that its response to Katrina and Rita-related claims was timely and reasonable, particularly given the circumstances. Also, see the Answer to Interrogatory 16, below.

**INTERROGATORY NO. 8:**

Please provide the names of all witnesses Allstate intends to call at a trial on the merits of this matter and provide their names, addresses, telephone numbers, occupations, employers, employers' addresses and telephone numbers, whether each witness is a fact witness or will be sought to be qualified as an expert, and provide a detailed statement (as best you are able at this state of the litigation) as to the <u>substance, facts, and nature of the testimony</u> to be provided by each witness.

**ANSWER TO INTERROGATORY NO. 8:**

Allstate objects to Interrogatory No. 8 as vague, overbroad, unduly burdensome, and as premature. Subject to all objections, Allstate states that it may call as a witness any of the persons identified in response to Interrogatory No. 4 and further refers plaintiffs to the original and amended expert and witness reports filed by Allstate in accordance with the Court's scheduling order.

**INTERROGATORY NO. 9:**

Please list each and every exhibit, real or demonstrative, that Allstate will or may attempt to introduce as evidence, or for other purposes, at the trial of this matter, listing the name of the person who possesses such exhibit or evidence and where the original may be inspected.

**ANSWER TO INTERROGATORY NO. 9:**

Allstate objects to Interrogatory No. 9 as vague, overbroad, unduly burdensome, and as premature. Subject to all objections, Allstate states that it may introduce any of the documents that it has produced with respect to plaintiffs' discovery requests as evidence at trial

11

77521

and further refers plaintiffs to the original and amended expert and witness reports filed by Allstate in accordance with the Court's scheduling order.

**INTERROGATORY NO. 10:**

Please state in detail any policies, practices and/or procedures used by Allstate, *which were specifically created after Hurricane Katrina*, to determine whether property losses were caused by wind, water or a combination of the two. This Interrogatory calls for information including, but not limited to, the policies, practices and/or procedures, set forth verbally or in writing, and used by Allstate in its fundamental approach in attempting to adjust homeowners' property damage claims.

**ANSWER TO INTERROGATORY NO. 10:**

In addition to the Objections Applicable to Each Request, Allstate objects to Interrogatory No. 10 as vague, ambiguous, overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Allstate also objects to the interrogatory to the extent that the information sought is protected by the attorney-client privilege or the work product privilege. Additionally, Allstate objects to the request on the basis that it seeks documents containing proprietary and confidential information and/or trade secrets. Finally, Allstate objects to the interrogatory on the grounds that the terms "creation," "policies," "practices" and "procedures" are not defined, making it difficult, if not impossible, for Allstate to respond. Subject to all objections, Allstate states it relies on numerous sources of information in adjusting claims, including the insured's policy, proofs of loss and other information provided by an insured and data obtained in investigating the property.

**INTERROGATORY NO. 11:**

Please state what method, procedure or other means was used, primarily or otherwise, by Allstate in determining **the amount** of the Weiss loss related to wind damage. In doing so, please specifically recount each and every communication each Allstate representative had with Rimkus or any other individual/company, if any, for the purpose of determining cause and origin of the wind damage, as well as the extent of any damage caused by wind.

77521