UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MERRYL D. WEISS, ET AL.                    CIVIL ACTION

VERSUS                                     NO. 06-3774

ALLSTATE INSURANCE COMPANY                 SECTION: "R"(5)


## ORDER AND REASONS

Before the Court is defendant Allstate Insurance Company's motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure.  For the following reasons, the Court DENIES defendant's motion.


I.    BACKGROUND

Plaintiffs Merryl and Robert Weiss are Louisiana homeowners whose property was allegedly rendered a total loss by Hurricane Katrina.  Plaintiffs' home, which was located in Slidell, was insured under a homeowner's policy and a flood policy, both issued by defendant Allstate.  Plaintiffs assert that the first floor of their three-story home was damaged by water, whereas the upper two stories were damaged by wind.  After the storm,

plaintiffs filed claims under both their flood and homeowner's policies.  The homeowner's policy contained coverage limits of $343,000 on the dwelling, $240,100 on personal property, $34,300 on other structures, and up to twelve months of additional living expense coverage.  The flood policy contained coverage limits of $250,000 on the building and $100,000 on its contents.  To date, Allstate has paid plaintiffs the full limits under their flood policy, and it has paid $42,128.18 for damage to the dwelling and $14,787.81 for additional living expenses under their homeowner's policy.

Plaintiffs complain that the perils of wind and water caused the loss of their property, which they assert had a pre-storm value of at least $612,500.  Accordingly, plaintiffs contend that the total of $292,128.18 that they have been paid under their flood and homeowner's policies for damage to their dwelling falls well short of their actual covered loss.  Plaintiffs aver that their flood claim was for damage sustained to the first floor of the home, which was the only part of the home damaged by flooding.  (Pl.'s Ex. W1).  The $42,128.18 that they have been paid under their homeowner's policy, which covers the peril of wind, is insufficient, they contend, to cover the wind damage to the upper two floors of the dwelling and the contents contained therein.  Plaintiffs assert claims under La. Rev. Stat. §§

2

22:652, 22:658, 22:695, and 22:1220, in addition to their
underlying breach of contract claim.

Allstate now moves for summary judgment on all of
plaintiffs' claims under their homeowner's policy, arguing that
plaintiffs are estopped from recovering under their homeowner's
policy after recovering the full limits under their flood policy
or, in the alternative, that plaintiffs are entitled to recover,
at most, the difference between the limits under their
homeowner's policy and the amount that they have already been
paid under their flood policy.

## II.  LEGAL STANDARD

Summary judgment is appropriate when there are no genuine
issues as to any material facts, and the moving party is entitled
to judgment as a matter of law.  *See* FED. R. CIV. P. 56(c);
*Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986).  A court
must be satisfied that no reasonable trier of fact could find for
the nonmoving party or, in other words, "that the evidence
favoring the nonmoving party is insufficient to enable a
reasonable jury to return a verdict in her favor."  *Lavespere v.
Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 178 (5th Cir.
1990) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249
(1986)).  The moving party bears the burden of establishing that

3

there are no genuine issues of material fact.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record contains insufficient proof concerning an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325; *see also Lavespere*, 910 F.2d at 178.  The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See Celotex*, 477 U.S. at 324.  The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue exists for trial. *See id.* at 325; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1996).

**III. DISCUSSION**

This case is essentially a dispute over how much plaintiffs' property was worth at the time Katrina struck and the extent to which that property was destroyed by wind, a covered peril under plaintiffs' homeowner's policy, as opposed to water, a covered peril under their flood policy.  The gravamen of plaintiffs' claims is that their property was destroyed by a mix of wind and water.  In support, they offer statements from an Allstate adjuster that indicate the first floor of plaintiffs' home was

4

destroyed by flood, whereas the second and third stories were
destroyed by wind.  (Pl.'s Ex. W8).  Because their home was
allegedly worth substantially more than the limits of plaintiffs'
flood policy and their homeowner's policy, plaintiffs contend
that they are entitled to recover for their segregable wind
damage without reference to the amount they recovered under their
flood policy.

        Allstate has set forth no policy provision or legal
principle that requires the dismissal of plaintiffs' claims on
the disputed record before the Court.  Because Allstate's
arguments depend for their validity on the resolution of disputed
facts, its motion for summary judgment must be denied.
Allstate's first contention, that plaintiffs should be estopped
from claiming that their damage was caused by wind after
recovering the full limits under their flood policy, is based on
a "proof of loss" allegedly submitted to the Federal Emergency
Management Agency by plaintiffs in the aftermath of Katrina, in
which plaintiffs claimed $350,000 in flood losses and stated that
the actual cash value of all property was $299,160.12.  (Def.'s
Ex. B).  This document is neither signed nor sworn to by
plaintiffs.  Plaintiffs aver in an affidavit that they had never
seen this document before it was submitted to the Court as part
of this motion for summary judgment, nor did they sign a proof of

5

loss as to their flood claim.  (Pl.'s Ex. W1).  They further deny ever claiming that their home was completely demolished by flooding.  (Pl.'s Ex. W1, at ¶ 5).  Plaintiffs also aver that they were repeatedly assured by Allstate personnel during the claims process that "because the primary cause of the total loss of our home was wind, our claim for flood insurance would not preclude our claim for homeowners insurance." (*Id.*).  Plaintiffs further aver that evidence submitted for their flood claim was for only the first floor of their home and its contents.  On this record, the Court cannot conclude that the submission of plaintiffs' flood claim amounted to an admission that plaintiffs' damage was caused exclusively by water, so that their recovery must be limited accordingly.

Similarly, Allstate's second argument, that plaintiffs' recovery, if any, should be limited to $49,148, which it contends is the difference between the actual cash value of their home and contents and the flood payments that they have already received, is based on disputed facts regarding the value of plaintiffs' home.  Allstate asserts that the pre-storm value of plaintiffs' home was $299,148.  (Def.'s Ex. A).  By contrast, plaintiffs submit evidence that the pre-storm value of their home was $775,000, and that, at minimum, it would cost $612,500 to rebuild their dwelling.  (Pl.'s Exs. W10, W12).  The Court is therefore

not presented with undisputed evidence that conclusively establishes the pre-storm value of plaintiffs' home.  Plaintiffs obviously are not entitled to recover $600,000 on a home that was worth $300,000, but the facts as to the value of the premises are clearly in dispute.  A jury might question whether the value of this home is really more than $600,000 when, *inter alia*, these sophisticated plaintiffs chose to obtain homeowner's insurance for about half of that value.  A jury might also question the credibility of plaintiffs' assertions regarding the representations they made to recover the limits of their flood policy.  But these are not issues that the Court can resolve on a summary judgment motion.  Furthermore, as discussed above, there is evidence, albeit contested, that the damage to the upper two floors of plaintiffs' home was not covered by their flood policy, but fell under wind damage coverage of their homeowner's policy. Thus, based on this evidentiary record, there are disputed issues of material fact as to whether plaintiffs seek a recovery of previously uncompensated, covered damage that does not exceed the value of their property.

Finally, the Court notes that the authority upon which Allstate relies in this motion does not dictate the result it advances or would not apply unless the relevant, disputed facts were found in Allstate's favor.  Plaintiffs do not challenge the

7

enforceability of the water exclusion in their homeowner's policy.  Nor is it undisputed that they seek to recharacterize their flood damage as wind damage.  Rather, they have produced evidence that their home suffered wind damage apart from and in addition to flood damage, and request compensation in this action only for that wind damage.  Thus, *Leonard v. Nationwide Mut. Fire. Ins. Co.*, 438 F. Supp. 2d 684, *Glover v. Nationwide Mut. Fire. Ins. Co.*, 2006 WL 3780858 (S.D. Miss. Dec. 21, 2006), and *Buente v. Allstate Prop. & Cas. Ins. Co.*, 2006 WL 980784 (S.D. Miss. Apr. 12, 2006) are inapplicable to these facts.  As to the cases that Allstate cites for the well-established propositions that insurance contracts are contracts of indemnity and that an insured cannot recover an amount greater than her loss, these cases support the result Allstate seeks only if the facts are resolved in Allstate's favor.  The same is true for *State Farm Fire & Cas. Co. v. Griffin*, 888 S.W.2d 150 (Tex. App. 1994), and the remaining cases cited by Allstate.  Plaintiffs have produced evidence that they do not request compensation under their homeowner's policy for losses that have already been covered under their flood policy.  Allstate therefore offers no authority that specifically refutes plaintiffs' ability to recover if the disputed facts were found in their favor.

**IV.   CONCLUSION**

   For the foregoing reasons, Allstate's motion for summary judgment is DENIED.

   New Orleans, Louisiana, this <u>21st</u> day of March, 2007.

                         _____
                              SARAH S. VANCE
                         UNITED STATES DISTRICT JUDGE