UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA


MERRYL D. WEISS, ET AL.                     CIVIL ACTION

VERSUS                                      NO. 06-3774

ALLSTATE INSURANCE COMPANY                  SECTION: "R"(5)


                        ORDER AND REASONS

     Before the Court are defendant Allstate Insurance Company's partial motions for summary judgment on plaintiffs' claims under La. Rev. Stat. §§ 22:652 and 22:658.  For the following reasons, the Court GRANTS both motions.


I.   BACKGROUND

     This lawsuit involves a dispute between plaintiffs Merryl and Robert Weiss and defendant Allstate, their homeowner's and flood insurer.  Plaintiffs' home, which was located in Slidell, was allegedly rendered a total loss by Hurricane Katrina.  The facts of this lawsuit are set forth in greater detail in *Weiss v. Allstate Ins. Co.*, Civ. Docket No. 06-3774 (E.D. La. Mar. 21, 2007).  Allstate now moves for partial summary judgment on

plaintiffs' claim under La. Rev. Stat. § 22:652, asserting that the statute provides no private right of action.  Allstate also moves for partial summary judgment on plaintiffs' claim under La. Rev. Stat. § 22:658 to the extent that plaintiffs seek to recover penalties equal to 50 percent of the amount, if any, found to be due to them under their homeowner's policy.

**II. DISCUSSION**

    **A.  Motion for Partial Summary Judgment on Plaintiffs' Claim Under La. Rev. Stat. § 22:652**

In their complaint, plaintiffs assert that Allstate violated La. Rev. Stat. § 22:652 because it allegedly paid plaintiffs' neighbor the limits of his homeowner's policy as a result of the same natural causes that damaged plaintiffs' property.  Section 22:652 reads in relevant part:

> No insurer shall make or permit any unfair discrimination in favor of particular individuals or persons, or between insureds or subjects of insurance having substantially like insuring risk, and exposure factors, or expense elements, in the terms or conditions of any insurance contract, or in the rate or amount of premium charged therefor, or in the benefits payable or in any other rights or privileges accruing thereunder.

La. Rev. Stat. § 22:652.  The statute contains additional provisions that prohibit specific types of discrimination, none of which is alleged here.  *Id.* at § 22:652.1 (proscribing

discrimination in rates or failure to provide coverage to persons because of severe disability or sickle cell trait); *id.* at § 22:652.2 (proscribing certain forms of discrimination in automobile liability insurance); *id.* at § 22:652.3 (setting forth criteria for group life insurance coverage and health and accident insurance coverage); *id.* at § 22:652.4 (proscribing discrimination based on race of applicant or economic condition of area where property is located).  Significantly, of these provisions, only Section 22:652.4 affords persons alleging discrimination a right of action against an insurer.  Although La. Rev. Stat. § 22:1214 declares violations of the provisions of Section 22:652 to be unfair trade practices, Section 22:1214 does not provide for private rights of action to enforce its provisions.  *Riley v. Transamerica Ins. Group Premier Ins. Co.*, 923 F.Supp. 882, 888, *aff'd*, *Riley v. TIG Ins. Co.*, 117 F.3d 1416 (5th Cir. 1997) (citing *Clausen v. Fidelity & Deposit Co. of Md.*, 660 So.2d 83, 86 (La. Ct. App. 1995)).

    In their opposition brief, plaintiffs concede that Section 22:652 does not provide a private cause of action as to *any* form of "discrimination" in which an insurance company engages.  Instead, they now assert that, even if Section 22:652 does not permit private remedies for the type of discrimination alleged by plaintiffs, a violation of that Section can provide the

underlying basis for finding breach of contract and, hence, arbitrary and capricious conduct under La. Rev. Stat. §§ 22:658 and 22:1220.  This argument is foreclosed by the well-established principle that penalty statutes are to be strictly construed as well as the holding in *Theriot v. Midland Risk Insurance Company*, 694 So. 2d 184 (La. 1997).  There, the Louisiana Supreme Court held that prohibited conduct under Section 22:1220, and by implication Section 22:658, is limited to the specific acts enumerated therein.  *Id.*  In other words, under *Theriot*, plaintiffs cannot bootstrap other violations of the Insurance Code into additional duties under these statutes.  Because neither Section 22:658 nor Section 22:1220 lists a violation of Section 22:652 as a valid underlying basis for application of those penalty statutes, this Court must conclude that plaintiffs cannot use Section 22:652 in such a manner as to trigger penalties under those statutes.

Further, the gravamen of plaintiffs' claims is that Allstate improperly failed to pay them for their covered losses under their homeowner's policy, not that they were discriminated against.  The only potential relevance of Allstate's payment of their neighbor's claim is to the issue of the cause of plaintiffs' damage, *i.e.*, wind versus water, and Allstate's knowledge thereof.  That Allstate paid plaintiffs' neighbor, but

not plaintiffs, the limits of his respective homeowner's policy does not, without more, establish or necessarily bear upon whether plaintiffs' claim is for a covered loss and whether Allstate arbitrarily and capriciously denied plaintiffs' claim. The Court therefore finds that plaintiffs may not rely on an alleged violation of Section 22:652 as a basis for showing a breach of contract and violations of Sections 22:658 and 22:1220. Thus, the Court grants Allstate's summary judgment motion as to plaintiffs' claim under La. Rev. Stat. § 22:652.

    **B.**    **Motion for Partial Summary Judgment on Plaintiffs' Claim Under La. Rev. Stat. § 22:658**

On November 29, 2006, plaintiffs filed a second supplemental and amending complaint for damages in which they asserted that they were entitled, under La. Rev. Stat. § 22:658, to recover a penalty of 50 percent of the amount found to be due to them under their homeowner's policy.  Allstate contends that plaintiffs are limited to recovery of a potential penalty under this statute of 25 percent.  Allstate relies on the version of La. Rev. Stat. § 22:658 in place in the immediate aftermath of Hurricane Katrina, which is when it is alleged to have arbitrarily and capriciously failed to make a payment or written offer to settle plaintiffs' property damage claim within thirty days after receipt of satisfactory proofs of loss.  2003 La. Acts No. 790 (increasing

penalties under La. Rev. Stat. § 22:658 from 10 percent to 25 percent).

Allstate's position is correct.  Plaintiffs state in their opposition brief that the relevant events in this lawsuit occurred no later than June 15, 2006. (R. Doc. 103).  It was not until August 15, 2006 that the Louisiana legislature's most recent amendment to La. Rev. Stat. § 22:658 went into effect, increasing penalties for violations of the statute from 25 percent to 50 percent.  *See* 2006 La. Acts No. 813; *see also* La. Const. art. 3, § 19 (stating that all laws enacted during a regular session of the legislature shall take effect on August 15 of the calendar year in which the regular session is held). Thus, the 50 percent penalty provision was not enacted until after Allstate allegedly violated the statute.

Moreover, as plaintiffs concede, there is no support for the proposition that the 2006 amendment to La. Rev. Stat. § 22:658 was intended to apply retroactively to causes of action that accrued before it went into effect.  Under La. Rev. Stat. § 1:2, "No Section of the Revised Statutes is retroactive unless it is expressly so stated."  The legislature did not include such an expression in 2006 La. Acts No. 813, and federal and state courts have consistently declined to read in a legislative intent to retroactively apply amendments to La. Rev. Stat. § 22:658 in its

6

absence.  *See, e.g., Tomlinson v. Allstate Ins. Co.*, Civ. Docket No. 06-617 (E.D. La. Feb. 12, 2007) (Feldman, J.) (holding that 2006 amendments to La. Rev. Stat. § 22:658 are not to be applied retroactively); *Lewis v. State Farm Ins. Co.*, 946 So. 2d 708, 728-29 (La. Ct. App. 2006) (applying version of La. Rev. Stat. § 22:658 in place at time that plaintiffs' causes of action arose regardless of later amendment); *Geraci v. Byrne*, 934 So. 2d 263, 267 (La. Ct. App. 2006) (same).

The Court therefore concludes that plaintiffs' recovery of penalties under La. Rev. Stat. § 22:658, if any, is limited to 25 percent of the amount found to be due to them under their homeowner's policy.  The Court grants Allstate's summary judgment motion as to the claim in plaintiffs' second supplemental and amending complaint for 50 percent penalties under the statute.

## IV.   CONCLUSION

For the foregoing reasons, the Court GRANTS Allstate's partial motions for summary judgment as to plaintiffs' claims under La. Rev. Stat. §§ 22:652 and 22:658.

New Orleans, Louisiana, this 28th day of March, 2007.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE