UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| MERRYL D. WEISS, wife of/and | * | CIVIL ACTION NO.: 06-cv-3774 |
| ROBERT U. WEISS, JR., M.D. | * | |
| | * | JUDGE: VANCE (R) |
| VERSUS | * | |
| | * | MAGISTRATE: CHASEZ (5) |
| ALLSTATE INSURANCE COMPANY | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * *

**ALLSTATE INSURANCE COMPANY'S MEMORANDUM IN SUPPORT OF MOTION FOR RETURN OF EXHIBIT BINDERS OR ALTERNATIVELY FOR EXHIBITS SUBJECT TO PROTECTIVE ORDER TO BE PLACED UNDER SEAL**

Defendant, Allstate Insurance Company ("Allstate"), hereby submits its memorandum in support of its motion for the return of the exhibit binders submitted to the Court in this matter or, alternatively, for all exhibits subject to the Protective Order entered by the Court to be placed under seal. During the trial of this matter, plaintiffs offered into the record most of the exhibits contained in the exhibit binders submitted to the Court by the parties prior to trial. Included in the exhibits offered into the record are numerous documents that are the subject of the Protective Order entered by the Court in this matter. Undersigned counsel is of the understanding that exhibit binders from trials are returned to the parties upon the completion of a matter. Given that this matter has been concluded and the case closed, undersigned counsel requested that the Clerk of Court return the exhibit binders for this matter to the parties. Opposing counsel, however, does not consent to such request. Accordingly, Allstate was forced to bring its motion for the return of the exhibit binders. In the event that the Court is not inclined

to return the exhibit binders, which is done as a matter of course, Allstate requests that the Court place under seal all exhibits entered into the record of this matter that are subject to the Protective Order entered by the Court.

## BACKGROUND

On February 15, 2007, the Court entered a Protective Order in this matter, which Allstate attaches hereto as "Exhibit A." In pertinent part, the Order provides as follows:

> 1. The written materials produced or disclosed by Allstate responsive to the request for claims manuals or documents used by field adjusters adjusting claims made on Allstate homeowner insurance policies, which Allstate believes to contain trade secrets, proprietary information, or other confidential material shall be designated as confidential by affixing a label to the first page of the document with the following legend "CONFIDENTIAL subject to PROTECTIVE ORDER."
> …
> 4. … The attorneys for plaintiffs and defendant shall not, under any circumstances, exhibit, provide copies of or otherwise disclose the content of any protected materials to any other persons, including but not limited to the following:
> a. any competitor of the producing party …
> b. any party (or that party's attorney) that the attorney seeking to disclose protected material knows or has reason to know has or may have any claim against the producing party or any of its affiliates.
> …
> 7. In the event that any person or party (a) is served with a subpoena in another action, or (b) is served with requests for production of documents, interrogatories, or any type of formal or informal demand in another action to which he or she is a party, or (c) is served with any other legal process or paper by one not a party to this litigation seeking or requesting disclosure of proprietary or confidential information, that person shall object to its production and shall give prompt written notice of such event to counsel of record for the party who produced said proprietary or confidential information. Thereafter, the party who produced said proprietary or confidential information shall assume responsibility of preserving and prosecuting any objection to the subpoena, demand or other legal process. The person served shall be obligated to cooperate to the extent necessary to preserve the confidentiality of the proprietary or confidential information.
> …

89451

> 8. The provisions of this Protective Order shall not terminate at the conclusion of this litigation. Within 30 days after final conclusion of all aspects of this litigation, upon written request of the producing party, confidential documents and all copies of same (other than exhibits of record) shall be returned to the party or person which produced such documents or, at the option of the producer (if it retains at least one copy of the same), destroyed. Upon written request of the producing party, all counsel of record shall make certification of compliance herewith and shall deliver the same to counsel for the party who produced documents not more than 60 days after final termination of this litigation.
>
> 9. Any document or pleading filed with this Court that contains or refers to proprietary or confidential information shall be filed in a sealed envelope bearing the title of the case, the title of the document, and a notation: "CONFIDNETIAL—SUBJECT TO PROTECTIVE ORDER: TO BE OPENED ONLY BY THE COURT FOR ITS REVIEW AND TO THEN BE RESEALED."

On March, 30, 2007, this Court entered an "Addendum to Protective Order Dated February 15, 2007," attached hereto as "Exhibit B," which provides in pertinent part:

> All information that has been designated as proprietary or confidential shall be used solely for the purposes of this proceeding and not for any other litigation and not for any business or other purposes whatsoever.

In response to plaintiffs' discovery requests in this matter, Allstate produced numerous documents, as well as software, subject to the Protective Order. All such documents were labeled "CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER," in accordance with the terms of the Protective Order. At trial, plaintiff offered into the record several of the documents produced subject to the Protective Order. These documents were labeled exhibit numbers 7, 31, and 31A and included the "Pilot Operational Guide," "Louisiana State Issues" document, and various documents relating to Allstate's claims handling practices.

On Friday, July 13, 2007, undersigned counsel sent a letter to Jay Susslin of the Clerk of Court's office, requesting the return of the exhibit binders submitted in this matter in light

3

of the fact that this matter has been concluded and the confidential documents included in the binders. After speaking with various persons working in the Clerk's office, undersigned counsel is of the understanding that, as a matter of course, the Court returns exhibit binders to the parties after the conclusion of a matter. Plaintiffs' counsel was copied on the letter sent to Mr. Susslin. Undersigned counsel was recently informed, however, that plaintiffs' counsel objects to the return of the exhibit binders to the parties, despite the fact that exhibit binders are returned to parties following the conclusion of a matter as a matter of course. In light of this, Allstate was required to file the motion before the Court.

## LAW AND ARGUMENT

Due to the confidential nature of various documents contained in the exhibit binders, Allstate requests that the Court return the exhibit binders to the parties, as is routinely done when a matter before the Court concludes. In the event that the Court is not inclined to return the binders to the parties, Allstate requests that the Court order that Joint Exhibits 7, 31, and 31A be sealed.

As this Court has noted, "[t]o determine whether to disclose or seal a judicial record, the Court must balance the public's common law right of access against the interests favoring non-disclosure." *See Liljeberg Enterprises Int'l, L.L.C. v. Vista Hospital of Baton Rouge, Inc.*, No. 04CV2780, 2005 WL 1309158, at *1 (E.D. La. May 19, 2005) (citing *S.E.C. v. Van Waeyenberghe*, 990 F.2d 845, 849 (5th Cir. 1993)). While courts recognize a common law right to access judicial records, such right "is not absolute." *Id.* (internal citations omitted). The decision of whether to seal a record lies within the sound discretion of the district court. *Id.*

In the instant case, the interests favoring non-disclosure of Exhibits 7, 31 and 31A greatly outweigh any interest of the public in access to the documents. This Court has already recognized the confidentiality of Allstate's claims handling materials in entering the Protective

89451

Order in this case. Significantly, the Protective Order entered by the Court specifically provides for the sealing of documents subject to the Protective Order. *See* Exhibit "A", Paragraph 9.

Further, several federal courts have recognized the significant potential damage that an insurance company could suffer if its confidential claims handling information were not protected by the courts. *See e.g.*, *Cohen v. Metropolitan Life Ins. Co.*, No. 00CV6112, 2003 WL 1563349 (S.D.N.Y. Mar. 26, 2003) (finding that the "Best Practices Manual" and "Claims Management Guidelines" of the defendant insurance company contained "confidential information, valuable to [the defendant] and potentially valuable to its competitors who could take unfair advantage of [the defendant's] substantial analytical and experiential investment by using the material to achieve efficiencies in their claims handling operations, and that the material thus warrants appropriate protection"); *Republic Services, Inc. v. Liberty Mut. Ins. Companies*, No. 03CV 494, 2006WL1635655 (E.D. Ky. June 9, 2006) (holding that the defendant insurance companies' claims handling and training manuals "have independent economic value to [the defendant] due to … their confidential nature, … the time, effort and expense … invested in creating these materials … and … the fact that competitors in the … industry do not disclose information about their claims handling policies and procedures to one another" and finding that issuance of a protective order was appropriate); *Hamilton v. State Farm Mut. Auto. Ins. Co.*, 204 F.R.D. 420 (S.D. Ind. 2001) (issuing protective order as to the defendant insurance company's claims handling materials); *Adams v. Allstate Ins. Co.*, 189 F.R.D. 331 (E.D. Pa. 1999) (ordering that the information in the defendant insurance company's claims manuals and training materials were to be kept confidential). Such cases are instructive and highly persuasive and strongly support the sealing of Allstate's claims handling documents in this case.

89451

For all of these reasons, Allstate requests that the Court order that the exhibit binders submitted in this matter be returned to the parties, or, alternatively, that Exhibits 7, 31 and 31A from the trial of this matter be sealed.

## CONCLUSION

For all of the foregoing, Allstate requests that the Court grant its motion.

Respectfully submitted,

/s/ *Laura Spansel Gravener*
Judy Y. Barrasso, 2814
Laura Spansel Gravener, 30148
    Of
BARRASSO USDIN KUPPERMAN
   FREEMAN & SARVER, L.L.C.
909 Poydras Street, Suite 1800
New Orleans, Louisiana  70112
Telephone:  504/589-9700

Attorneys for Allstate Insurance
 Company

## **C E R T I F I C A T E**

I hereby certify that a copy of the above and foregoing Memorandum has been served upon all counsel of record by facsimile, electronic mail, and/or placing same in the United States Mail, postage prepaid and properly addressed, this 16th day of July, 2007.

/s/ *Laura Spansel Gravener*