UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MERRYL D. WEISS, wife of/and<br>ROBERT U. WEISS, JR., M.D.<br><br>VERSUS<br><br>ALLSTATE INSURANCE COMPANY | CIVIL ACTION NO.: 06-cv-3774<br><br>JUDGE: VANCE (R)<br><br>MAGISTRATE: CHASEZ (5) |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## **PROTECTIVE ORDER**

The Defendant, Allstate Insurance Company ("Allstate"), has been called upon to produce its claims manual, and other manuals and documents for use by field adjusters adjusting claims made on Allstate homeowner insurance policies. In order to facilitate this request, and at the same time protect confidential information contained within produced documents, this Court, does hereby ORDER as follows:

1.  The written materials produced or disclosed by Allstate responsive to the request for the claims manual and other manuals or documents used by field adjusters adjusting claims made on Allstate homeowner insurance policies, which Allstate believes to contain trade secrets, proprietary information, or other confidential material shall be designated as confidential by affixing a label to the first page of the document with the following legend "CONFIDENTIAL subject to PROTECTIVE ORDER."

2.  By entering this Protective Order, the Court does not intend to create any presumption with regard to the actual confidentiality of any material, or to alter the normal burden of proof

Our File: 14,382

1

EXHIBIT A

76462

necessary for obtaining a protective order from the Court. Any dispute between the parties as to the confidentiality of any specific material shall be resolved pursuant to paragraph 3 herein.

3. If any party believes that any material produced does not contain confidential or trade secret information, it may, at any time, contest the applicability of this Protective Order to such material by notifying the attorneys for the party asserting this Order's application and identifying the material contested. Upon such notification, said party asserting this Order's application shall have forty-five (45) days in which to make a specific Motion for Protective Order with respect to such material. As to any contested material for which such a motion is not made or the requested relief is not granted, such material shall be deemed outside the scope of this Protective Order.

4. The attorneys for plaintiffs and defendant may distribute protected materials or share information obtained from protected materials with the following categories of persons, and no other, except by further order of the Court:

   a. the plaintiffs or defendant in this litigation;

   b. members of the legal or support staff of the respective plaintiffs' or defendant's attorney's office; and

   c. experts and consultants retained by plaintiffs' or defendant's attorneys to assist them in the evaluation, preparation or testimony in this litigation.

All such persons shall be bound by all terms of this Protective Order as if a party to this lawsuit. The attorneys for plaintiffs and defendant shall be responsible for explaining all duties and responsibilities hereunder, and providing a copy of this Protective Order and Exhibit "A" hereto, prior to disclosure, to each person who is to receive protected material pursuant to this Protective Order.

The attorneys for plaintiffs and defendant shall not, under any circumstances, exhibit,

provide copies of or otherwise disclose the content of any protected materials to any other persons, including but not limited to the following:

    a.    any competitor of the producing party or any known agent, consultant or affiliate thereof, or any attorney if the attorney seeking to disclose protected material knows that attorney, or any person in that attorney's firm, is employed by or expects to be employed by any competitor of the producing party. (As used in this Protective Order, the term "competitor" shall mean any insurance company);

    b.    any party (or that party's attorney) that the attorney seeking to disclose protected material knows or has reason to know has or may have any claim against the producing party or any of its affiliates.

5. The attorneys for plaintiffs and defendant shall not make any disclosure of protected materials pursuant to paragraph 4 of this Protective Order to any person, other than their own legal or support staff, without first having obtained from each proposed recipient a signed "Nondisclosure Agreement" in the form attached as Exhibit "A".

6. The attorneys for plaintiffs and defendant shall provide each other a copy of each signed Nondisclosure Agreement within 30 days after final conclusion of all aspects of this litigation. Further, within said time, the attorneys for plaintiffs and defendant shall instruct each recipient of the protected material of their obligation not to disclose such information, in accordance with this Order.

7. In the event that any person or party (a) is served with a subpoena in another action, or (b) is served with requests for production of documents, interrogatories, or any type of formal or informal demand in another action to which he or she is a party, or (c) is served with any other legal process or paper by one not a party to this litigation seeking or requesting disclosure of

proprietary or confidential information, that person shall object to its production and shall give prompt written notice of such event to counsel of record for the party who produced said proprietary or confidential information. Thereafter, the party who produced said proprietary or confidential information shall assume responsibility or preserving and prosecuting any objection to the subpoena, demand or other legal process. The person served shall be obligated to cooperate to the extent necessary to preserve the confidentiality of the proprietary or confidential information.

Should the person seeking access to the confidential or proprietary information take action to enforce such a subpoena, demand, or other legal process, the person so served shall set forth in his response the existence of the Protective Order. Nothing herein shall be construed as requiring the receiver to challenge or appeal any order requiring production of proprietary or confidential information, or to subject itself to any penalties for noncompliance with any legal process or order, or to seek any relief from the court.

8. A party filing a document or pleadings that contains or refers to information that has been designated as proprietary or confidential by any party must first file an *ex parte* motion with the Court regarding the applicability of the Protective Order to the alleged proprietary or confidential information. A ruling from the Court on the applicability of the Protective Order to that information is required before the party files any document or pleading in conformity with paragraph 9.

9. Any document or pleading filed with this Court that contains or refers to proprietary or confidential information shall be filed in a sealed envelope bearing the title of the case, the title of the document, and a notation: "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER: TO BE OPENED ONLY BY THE COURT FOR ITS REVIEW AND TO BE THEN BE

RESEALED."

10. Inadvertent production by any party of a document containing attorney-client communications, attorney work product, other privileged information, confidential information or proprietary information shall not constitute a waiver of privilege. Any document and any copies made of it shall be returned to the producing party immediately upon its request.

11. The provisions of this Protective Order shall not terminate at the conclusion of this litigation. Within 30 days after final conclusion of all aspects of this litigation, upon written request of the producing party, confidential documents and all copies of same (other than exhibits of record) shall be returned to the party or person which produced such documents or, at the option of the producer (if it retains at least one copy of the same), destroyed. Upon written request of the producing party, all counsel of record shall make certification of compliance herewith and shall deliver the same to counsel for the party who produced the documents not more than 60 days after final termination of this litigation.

This Protective Order may be modified by the Court *sua sponte* or upon motion of the parties for good cause shown.

New Orleans, Louisiana, this ___15th___ day of ___February___, 200_7_.

*Alma L. Chasez*
MAGISTRTE    JUDGE

# EXHIBIT "A"

I, _____, declare as follows:

1.     I understand that the information and/or documents to be provided to me identified as confidential are subject to a Protective Order in the action titled *Merryl D. Weiss, wife of/and Robert U. Weiss, Jr., M.D. v. Allstate Insurance Company*, USDC No. 06-3774, Div. "R", Mag. "5", and constitute confidential information that is to be used only for the purpose of this litigation. I understand that said information is not to be disclosed by me to anyone nor used for any purpose other than that described above.

2.     I have read the Protective Order entered in this litigation and agree to be bound by its terms. I understand that I may not in any way disseminate any confidential information received by me in the course of this litigation in any way not prescribed by the Protective Order. I further understand that I must return all copies of confidential information at the conclusion of this matter.

3.     I hereby submit to the jurisdiction of any court within the United States that may otherwise have jurisdiction over this litigation and/or any proceedings to enforce the terms of the Protective Order against me, whether by way of contempt of court, by a civil action for injunction and monetary damages, or otherwise.

I declare under penalty of perjury that the foregoing is true and correct.

Executed at _____, this ____ day of _____, 200___.

_____

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2007 MAR 30 AM 9: 13

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| MERRYL D. WEISS, wife of/and<br>ROBERT U. WEISS, JR., M.D. | * | CIVIL ACTION NO.: 06-cv-3774 |
| VERSUS | * | JUDGE: VANCE (R) |
| ALLSTATE INSURANCE COMPANY | * | MAGISTRATE: CHASEZ (5) |

## ADDENDUM TO PROTECTIVE ORDER DATED FEBRUARY 15, 2007

WHEREAS, Allstate has been ordered to produce certain property damage claims estimating software and other documents, which Allstate considers to contain confidential material within the scope of Paragraph 1 of the Protective Order issued in this matter on February 15, 2007;

WHEREAS, to ensure that such information is not disclosed, except pursuant to the terms of the Protective Order issued in this matter on February 15, 2007 and this Addendum thereto:

NOW, THEREFORE, IT IS ORDERED THAT the following provisions be added as an addendum to the Protective Order issued in this matter on February 15, 2007:



- 1 -

82239

12. All information that has been designated as proprietary or confidential shall be used solely for the purposes of this proceeding and not for any other litigation and not for any business or other purposes whatsoever.

13. To the extent any party wishes to use information at trial that has been designated proprietary or confidential, such information shall not be used without first affording the party who made the designation the opportunity to seek further protections from the Court.

This Protective Order may be modified by the Court *sua sponte* or upon motion of the parties for good cause shown.

New Orleans, Louisiana this 29th day of MARCH, 2007.

_____
JUDGE

_____
Judy Y. Barrasso, 2814
Meredith A. Cunningham, 26465
Laura Spansel Gravener, 30148
BARRASSO USDIN KUPPERMAN
   FREEMAN & SARVER, L.L.C.
909 Poydras Street, Suite 1800
New Orleans, Louisiana 70112
Telephone: 504/589-9700

Attorneys for Allstate Insurance
 Company

_____
Richard C. Trahant, Esq.
Attorney-at-Law
2908 Hessemer Ave.
Metairie, Louisiana 70002
Telephone: 504/780-9891

Attorney for Plaintiffs