UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


MERRYL D. WEISS, ET AL.                       CIVIL ACTION


VERSUS                                        NO. 06-3774


ALLSTATE INSURANCE COMPANY                    SECTION: "R"(5)


**ORDER AND REASONS**

Before the Court is a motion to intervene pursuant to
Federal Rule of Civil Procedure 24(b) by the Foundation for
Taxpayer and Consumer Rights for the purpose of opposing Allstate
Insurance Company's motion to seal trial exhibits, *see* R. Doc.
224.  For the following reasons, the Court GRANTS the applicant's
motion.


**I.    BACKGROUND**

The facts underlying plaintiff Robert Weiss's dispute with
Allstate over the amounts paid to him under his homeowner's and
flood policies for property damage from Hurricane Katrina have
been described at length in previous Orders of this Court and
need not be repeated here.  *See Weiss v. Allstate Ins. Co.*, 2007

WL 1075921 (E.D. La. Apr. 9, 2007); *Weiss v. Allstate Ins. Co.*, 2007 WL 1017341 (E.D. La. Mar. 28, 2007); *Weiss v. Allstate Ins. Co.*, 2007 WL 891869 (E.D. La. Mar. 21, 2007).  The facts relevant to the motion now before the Court are as follows.

During discovery in this matter, Allstate filed a motion for protective order under Rule 26(c) of the Federal Rules of Civil Procedure, "seeking to protect confidential information contained within produced documents."  (R. Doc. 21).  Specifically, Allstate sought protection for "its claims manual and other manuals and documents used by field adjusters after Hurricane Katrina who adjusted claims made on Allstate homeowner insurance policies," asserting that "production of these materials not subject to a protective order may put the company at a competitive disadvantage . . . ."  (*Id.*).  The magistrate judge then entered a protective order in this matter.  (R. Doc. 46).  In accordance with the terms of the Protective Order, Allstate produced, before trial, several documents, as well as its property damage claims estimating software, under the label "CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER."  In advance of trial, the parties jointly designated three of these documents as trial exhibits, without any effort by either party to offer them under seal or otherwise prevent them from entering the trial record.

When this case proceeded to trial, plaintiff offered several

of the documents at issue as evidence, and they were entered into
the record without objection from Allstate.  These documents were
designated Exhibits 7, 31, and 31A.  The jury ultimately rendered
a verdict in favor of plaintiff on his claims for breach of
contract and bad faith penalties on April 16, 2007.  The parties
represent that they reached an out-of-court confidential
settlement agreement in June 2007.  On July 16, 2007, Allstate
filed a motion seeking the return of the exhibit binders
submitted to the Court for trial purposes, or, in the
alternative, for all exhibits subject to the Protective Order to
be placed under seal.  On July 23, 2007, Allstate filed a motion
asking the Court to enforce the Protective Order.  On July 31,
2007, plaintiff filed an opposition to Allstate's motions on the
grounds that the documents made exhibits at trial are now part of
the public record and that the documents and/or software not
entered into the record are not required to be returned until 30
days after the final conclusion of the litigation.  Also on July
31, 2007, the Foundation for Taxpayer and Consumer Rights (FTCR),
which describes itself as a nonprofit, nonpartisan consumer
research, education, litigation, and advocacy organization
interested in, among other issues, the protection of insurance
consumers' interests, filed this motion to intervene under Rule
24(b) so that it could oppose Allstate's motion to seal trial

exhibits.  FTCR contends that Exhibits 7, 31, and 31A are
important to the public interest both in Louisiana and
nationwide, and that sealing these documents "would directly
impede FTCR's mission of educating the public about Allstate's
practices - in particular, its handling of claims for damage to
policyholders' homes due to natural disasters."  (R. Doc. 232).
FTCR then submitted its brief in opposition to Allstate's motion
to seal trial exhibits on August 2, 2007.  The Court has yet to
accept it into the record in light of Allstate's opposition to
FTCR's motion to intervene, *see* R. Doc. 244.

In the meantime, on August 3, 2007, the Court dismissed Dr.
Weiss's claims with prejudice, upon representation by both
parties that all matters have been fully resolved and
compromised.  (R. Doc. 240).  The Court reserved jurisdiction to
resolve the dispute over the Protective Order.


**II.  DISCUSSION**

**A.    Applicable Law**

Rule 24(b) provides in relevant part:

> Permissive Intervention.  Upon timely application
> anyone may be permitted to intervene in an action . .
> . when an applicant's claim or defense and the main
> action have a question of law or fact in common. . .
> .  In exercising its discretion the court shall
> consider whether the intervention will unduly delay
> or prejudice the adjudication of the rights of the

original parties.

FED. R. CIV. P. 24(b).[1]  The Fifth Circuit has stated: "The purpose

of intervention is to admit, by leave of court, a person who is

not an original party into a proceeding.  The intervening party

then becomes a "party" for the purpose of protecting some right

or interest alleged by the intervenor to be affected by the

proceeding."  *Deus v. Allstate Ins. Co.*, 15 F.3d 506, 525 (5th

Cir. 1994).  Intervention through Rule 24 is "the procedurally

correct course" for nonparties to seek to challenge or modify

protective orders.  *See In re Beef Indus. Antitrust Litig.*, 589

F.2d 786, 789 (5th Cir. 1979).[2]  In determining whether to grant

permissive intervention under Rule 24(b)(2), the Court must first

decide whether, as a matter of law, the applicant's "claim or

defense and the main action have a question of law or fact in

common."  *Newby v. Enron Corp.*, 443 F.3d 416, 421 (5th Cir. 2006)

---

[1] FTCR does not seek to intervene under Rule 24(a), which
provides for "intervention of right."

[2] Rule 24(c) states in part:

> Procedure.  A person desiring to intervene shall
> serve a motion to intervene upon the parties as
> provided in Rule 5.  The motion shall state the
> grounds therefor and shall be accompanied by a
> pleading setting forth the claim or defense for which
> intervention is sought.

FED. R. CIV. P. 24(c).

(quoting *Howse v. S/V "Canada Goose I"*, 641 F.2d 317, 322 (5th

Cir. 1981)).  Next, the court must exercise its discretion as to

whether to allow intervention.  *See New Orleans Public Service,*

*Inc. v. United Gas Pipe Line Co.*, 732 F.2d 452, 471 (5th Cir.

1984) (quoting 7C Wright, A. Miller, & M. Kane, *Federal Practice*

*and Procedure* § 1913, at 376-77 (2d ed. 1986)) ("Permissive

intervention is wholly discretionary with the [district] court .

. . even though there is a common question of law or fact, or the

requirements of Rule 24(b) are otherwise satisfied.").  Courts

are directed to consider such factors as whether the intervenors'

interests are adequately represented by other parties, whether

they will significantly contribute to full development of the

underlying factual issues of the suit, the nature and extent of

the intervenors' interests, the standing of the intervenors to

raise relevant legal issues, and whether the intervention will

unduly delay or prejudice the adjudication of the rights of the

original parties.  *See id.* at 472; *see also Mac Sales Inc., et*

*al. v. E.I. Dupont de Nemours,* 1995 WL 581790, at *4 (Sept. 29,

1995).

    **B.   Analysis**

    Allstate argues that intervention is impermissible under

Rule 24 because FTCR does not have an independent jurisdictional

basis for intervention, *i.e.*, FTCR does not have a claim or

defense with a question of law or fact in common with the underlying action.  *See Deus*, 15 F.3d at 525 ("The desire to intervene to pursue the vacating of the protective order and/or the unsealing of the record is not a justiciable controversy or claim, absent some underlying right creating standing for the movants.").  The Fifth Circuit recently limited the application of *Deus* to cases in which there is an "absence of a live controversy."  *Newby*, 443 F.3d at 422.  In those cases, the *Newby* court acknowledged that "an intervenor would need standing to intervene."  *Id.*  By contrast, the *Newby* court held that "there is no Article III requirement that intervenors have standing in a *pending* case."  *Id.* (emphasis in original).  It explained: "Article III does not require intervenors to independently possess standing where the intervention is into a subsisting and continuing Article III case or controversy and the ultimate relief sought by the intervenors is also being sought by at least one subsisting party with standing to do so."  *Id.* (quoting *Ruiz v. Estelle*, 161 F.3d 814, 830 (5th Cir. 1998).

There is still a live controversy in this case, as the Court made clear when it explicitly retained "jurisdiction to resolve the pending dispute regarding the protective order."  (R. Doc.

240).[3]  Thus, *Deus* is inapplicable here.  Moreover, the ultimate
relief being sought by FTCR - the prevention of the sealing of
certain trial exhibits - is also being sought by plaintiff in
this dispute, meaning that FTCR is not required under Article III
to independently possess standing.  Finally, the Court finds that
FTCR has questions of law and fact in common with the *Weiss*
litigation.  FTCR's founder Harvey Rosenfield avers that FTCR is
currently a party to a proceeding before the California
Department of Insurance "to require Allstate to lower its
homeowner and automobile insurance rates."  (R. Doc. 232-3, at ¶
6).  Further, as an advocacy group "dedicated to the protection
of insurance consumers' interests both in California and
nationwide," FTCR contends that the sealing of the exhibits at
issue will harm its efforts to educate consumers about certain
practices of the insurance industry.  (*Id.*, at ¶¶ 3, 11-13).
These interests plainly satisfy Rule 24(b)(2)'s "claim or
defense" requirement, which is "construed liberally."  *See Newby*,
443 F.3d at 422-23 (citing cases).

     Having determined the threshold "claim or defense" issue,
the Court finds it appropriate to exercise its discretion to

---

[3] The Court also notes that FTCR filed its motion to
intervene on July 31, 2007, which was before the Court granted
the parties' motion to dismiss.

permit FTCR to intervene in this dispute.  First, FTCR's interest

may not be adequately represented by plaintiff.  As the Supreme

Court has stated, "The requirement of [Rule 24] is satisfied if

the applicant shows that representation of his interest 'may be'

inadequate; and the burden of making that showing should be

treated as minimal."  *Trbovich v. United Mine Workers of Am.*, 404

U.S. 528, 538 n.10 (1972).  The nature of Allstate's motions has

required plaintiff's counsel to focus on addressing defendant's

allegations that he has violated the Protective Order, and is

thus subject to sanctions.  By contrast, as FTCR argues, it is

more focused on the broader issue of public access to insurance

documents that have been placed into the public record.  FTCR has

thus satisfied its minimal burden.  Second, there can be no

argument that FTCR's intervention has or will unduly delay or

prejudice the adjudication of the rights of the original parties.

FTCR filed its motion to intervene on July 31, 2007, more than a

week before Allstate's motions to enforce protective order and

motion for return of exhibit binders or, in the alternative, for

certain exhibits to be placed under seal were set for hearing

before this Court.  It submitted its opposition to Allstate's

motions on August 3, 2007, which was also before the underlying

motions were set for hearing.  Allstate was then provided an

opportunity to oppose FTCR's intervention, which it did on August

7, 2007.  The motion for intervention was then heard on August 8, 2007, the same day as Allstate's motions.  Quite simply, FTCR's intervention has not caused any undue delay in resolution of the Protective Order dispute.  Thus, the Court finds that FTCR is a proper intervenor under Rule 24(b).

**III. CONCLUSION**

       For the foregoing reasons, the Court GRANTS the motion for intervention.


       New Orleans, Louisiana, this __16th__ day of August, 2007.


_____
                SARAH S. VANCE
        UNITED STATES DISTRICT JUDGE