```
                UNITED STATES DISTRICT COURT
                EASTERN DISTRICT OF LOUISIANA


MERRYL D. WEISS, ET AL.                    CIVIL ACTION

VERSUS                                     NO. 06-3774

ALLSTATE INSURANCE COMPANY                 SECTION: "R"(5)
```

**ORDER AND REASONS**

Before the Court are defendant Allstate Insurance Company's motion to enforce protective order and motion for return of exhibit binders or, in the alternative, for certain exhibits to be placed under seal.  For the following reasons, the Court DENIES Allstate's motions.


**I.   BACKGROUND**

The facts underlying plaintiff Robert Weiss's dispute with Allstate over the amounts paid to him under his homeowner's and flood policies for property damage from Hurricane Katrina have been described at length in previous Orders of this Court and need not be repeated here.  See *Weiss v. Allstate Ins. Co.*, 2007 WL 1075921 (E.D. La. Apr. 9, 2007); *Weiss v. Allstate Ins. Co.*,

2007 WL 1017341 (E.D. La. Mar. 28, 2007); *Weiss v. Allstate Ins. Co.*, 2007 WL 891869 (E.D. La. Mar. 21, 2007).  The facts relevant to the motions now before the Court are as follows.

During discovery in this matter, Allstate filed a motion for protective order under Rule 26(c) of the Federal Rules of Civil Procedure, "seeking to protect confidential information contained within produced documents."  (R. Doc. 21).  Specifically, Allstate sought protection for "its claims manual and other manuals and documents used by field adjusters after Hurricane Katrina who adjusted claims made on Allstate homeowner insurance policies," asserting that "production of these materials not subject to a protective order may put the company at a competitive disadvantage . . . ."  (*Id.*).  Plaintiff objected to entry of the Protective Order on several grounds, including that Allstate's proposed order was overboard and that Allstate failed to offer "good cause" for its entry, a requirement under Rule 26(c).  (R. Doc. 29).  The magistrate judge entered a protective order in this matter that provides, in pertinent part:

> 1. The written materials produced or disclosed by Allstate responsive to the request for the claims manual and other manuals or documents used by field adjusters adjusting claims made on Allstate homeowner insurance policies, which Allstate believes to contain trade secrets, proprietary information, or other confidential material shall be designated as confidential by affixing a label to the first page of the

2

      document with the following legend "CONFIDENTIAL subject to PROTECTIVE ORDER."

2. By entering this Protective Order, the Court does not intend to create any presumption with regard to the actual confidentiality of any material, or to alter the normal burden of proof necessary for obtaining a protective order from the Court.

4. . . . The attorneys for plaintiffs and defendant shall not, under any circumstances, exhibit, provide copies of or otherwise disclose the content of any protected materials to any other persons, including but not limited to the following:
   a. any competitor of the producing party . . . . (As used in this Protective Order, the term "competitor" shall mean any insurance company.")
   b. any party (or that party's attorney) that the attorney seeking to disclose protected material knows or has reason to know has or may have any claim against the producing party or any of its affiliates.

7. In the event that any person or party (a) is served with a subpoena in another action, or (b) is served with requests for production of documents, interrogatories, or any type of formal or informal demand in another action to which he or she is a party, or (c) is served with any other legal process or paper by one not a party to this litigation seeking or requesting disclosure of proprietary or confidential information, that person shall object to its production and shall give prompt written notice of such event to counsel of record for the party who produced said proprietary or confidential information. Thereafter, the party who produced said proprietary or confidential information shall assume responsibility or [sic] preserving and prosecuting any objection to the subpoena, demand or other legal process. The person

      served shall be obligated to cooperate to the extent necessary to preserve the confidentiality of the proprietary or confidential information.

8.    A party filing a document or pleadings that contains or refers to information that has been designated as proprietary or confidential by any party must first file an ex parte motion with the Court regarding the applicability of the Protective Order to the alleged proprietary or confidential information.  A ruling from the Court on the applicability of the Protective Order to that information is required before the party files any document or pleading in conformity with paragraph 9.

9.    Any document or pleading filed with this Court that contains or refers to proprietary or confidential information shall be filed in a sealed envelope bearing the title of the case, the title of the document, and a notation: "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER: TO BE OPENED ONLY BY THE COURT FOR ITS REVIEW AND TO BE THEN BE RESEALED."

11.   The provisions of this Protective Order shall not terminate at the conclusion of this litigation.  Within 30 days after final conclusion of all aspects of this litigation, upon written request of the producing party, confidential documents and all copies of same (other than exhibits of record) shall be returned to the party or person which produced such documents or, at the option of the producer (if it retains at least one copy of the same), destroyed.  Upon written request of the producing party, all counsel of record shall make certification of compliance herewith and shall deliver the same to counsel for the party who produced the documents not more than 60 days after final termination of this litigation.

This Protective Order may be modified by the Court *sua sponte* or upon motion of the parties for good cause shown.

4

(R. Doc. 46).  After this Court affirmed the magistrate judge's order requiring Allstate to produce its property damage claims estimating software, *see* R. Doc. 107, the Court entered an addendum to the Protective Order that provides:

> 12. All information that has been designated as proprietary or confidential shall be used solely for the purposes of this proceeding and not for any other litigation and not for any business or other purposes whatsoever.
> 13. To the extent any party wishes to use information at trial that has been designated proprietary or confidential, such information shall not be used without first affording the party who made the designation the opportunity to seek further protections from the Court.

(R. Doc. 157).  In accordance with the terms of the Protective Order, Allstate eventually produced, before trial, several documents and the aforementioned pricing software under the label "CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER."  In advance of trial, the parties jointly designated three of these documents as trial exhibits, without any effort by either party to offer them under seal or otherwise prevent them from entering the trial record.

When this case proceeded to trial, plaintiff offered several of the documents at issue as evidence, and they were entered into the record without objection from Allstate.  These documents were designated Exhibits 7, 31, and 31A.  The jury ultimately rendered a verdict in favor of plaintiff on his claims for breach of contract and bad faith penalties on April 16, 2007.  The parties

represent that they reached an out-of-court confidential settlement agreement in June 2007.  On July 16, 2007, Allstate filed a motion seeking the return of the exhibit binders submitted to the Court for trial purposes, or, in the alternative, for all exhibits subject to the Protective Order to be placed under seal.  On July 23, 2007, Allstate filed a motion asking the Court to enforce the Protective Order.  Plaintiff opposes Allstate's motions on the grounds that the documents made exhibits at trial are now part of the public record and that any confidential documents and/or software not entered into the record are not required to be returned until 30 days after the final conclusion of the litigation.

In the meantime, on August 3, 2007, the Court dismissed Dr. Weiss's claims with prejudice, upon representation by both parties that all matters have been fully resolved and compromised.  (R. Doc. 240).  The Court reserved jurisdiction to resolve the dispute over the Protective Order.

**II. DISCUSSION**

    **A.  Trial Exhibits 7, 31, and 31A**

        *1.  Motion to Enforce Protective Order*

The Court finds that Allstate waived its right to seek the confidentiality protections afforded by the terms of the

Protective Order with respect to trial Exhibits 7, 31, and 31A. It is undisputed that Allstate failed to object, either before or during trial, to the admission of those exhibits into the judicial record. In a similar context, the Third Circuit stated: "It is well established that the release of information in open court 'is a publication of that information and, if no effort is made to limit its disclosure, operates as a waiver of any rights a party had to restrict its future use.'" *Littlejohn v. BIC Corp.*, 851 F.2d 673, 680 (3d Cir. 1988) (quoting *Nat'l Polymer Prods. v. Borg-Warner Corp.*, 641 F.2d 418, 421 (6th Cir. 1981). In *Littlejohn*, the district court entered a protective order during discovery that restricted dissemination of documents BIC designated "confidential." *Id.* at 676. During trial, the district court, on plaintiff's motion, admitted two confidential BIC documents into evidence without objection by BIC. *Id.* After trial, the parties settled the matter. *Id.* It was at that point that a third party sought access to the trial record, including the exhibits that BIC had designated confidential. *Id.* at 677. BIC asserted that the terms of the protective order prohibited access to the confidential documents that were entered into evidence. *Id.* at 680. Rejecting that argument, the Third Circuit held that "BIC's failure to object to the admission into evidence of the documents, absent a sealing of the record,

constituted a waiver of whatever confidentiality interests might have been preserved under the [protective order]." *Id.* Other courts have likewise concluded that admission into evidence of confidential documents precludes an *ex post* invocation of confidentiality provisions set forth in a previously entered protective order. *See, e.g., Biovail Lab., Inc. v. Anchen Pharm., Inc.*, 463 F. Supp. 2d 1073, 1081 (C.D. Cal. 2006) (holding that "public policy" required exclusion of documents "used as exhibits and/or offered into evidence not under seal" from confidentiality protection of protective order); *Rambus, Inc. v. Infineon Techs. AG*, 2005 WL 1081337, at *3 (E.D. Va. May 6, 2005) (stating that "the previous public use effectively stripped the documents of any protection under the protection order"). The Court therefore finds that, by virtue of Allstate's failure to move to place these exhibits under seal or otherwise object to entry of these exhibits before or during trial, Allstate has waived the confidentiality protections afforded under the Protective Order as to the documents contained in these exhibits.

    *2.   Motion to Seal Exhibits*

To determine whether to disclose or seal a judicial record, the Court must balance the public's common law right of access against the interests favoring non-disclosure. *See S.E.C. v. Van*

*Waeyenberghe*, 990 F.2d 845, 849 (5th Cir. 1993).  Courts recognize a common law right to access judicial records and proceedings, but "the right is not absolute."  *Bahwell v. Stanley-Bostitch, Inc.*, 2002 WL 1298777, at * 1 (E.D. La. June 10, 2002).  Public access serves to enhance the transparency and trustworthiness of the judicial process, to curb judicial abuses, and to allow the public to understand the judicial system better.  *Id*. (citing *Van Waeyenberghe*, 990 F.2d at 849).  It follows then that "'the district court's discretion to seal the record of judicial proceedings is to be exercised charily.'"  *Id*. (quoting *Van Waeyenberghe*, 990 F.2d at 848).  Although countervailing interests can outweigh the right of public access, the party who seeks to overcome the presumption of access bears the burden to show that the interest in secrecy outweighs the presumption.  *Leucadia, Inc. v. Applied Extrusion Technologies, Inc.*, 998 F.2d 157, 165 (3d Cir. 1993).  The decision as to access is left to the discretion of the trial court, *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 599 (1978), but any doubt must be construed in favor of disclosure.  *Marcus v. St. Tammany Parish Sch. Bd.*, 1997 WL 313418, at *5 (E.D. La. June 9, 1997) (citing *Grove Fresh Distributors, Inc. v. Everfresh Juice Co.*, 24 F.3d 893, 897 (7th Cir. 1994)).

To counter the presumption in favor of the public's common

law right of access to court records, Allstate argues that the Court should seal the documents designated Exhibits 7, 31, and 31A because other courts have found similar insurance materials to be confidential in nature, and thus subject to a protective order.  Allstate also asserts that it would be prejudiced in litigating other claims arising from Hurricane Katrina if plaintiffs in those other cases had access to the exhibits outside of the normal course and scope of discovery.  The Court finds that neither interest is sufficient to overcome the right of public access in this instance.

  While Allstate cites to courts that have recognized that certain insurance company documents are deserving of judicial protection during litigation, those courts have done no more than what was done in this case - issue a protective order before the documents were made part of the judicial record.  *See Republic Servs., Inc. v. Liberty Mut. Ins. Cos.*, 2006 WL 1635655 (E.D. Ky. June 9, 2006); *Cohen v. Metropolitan Life Ins. Co.*, 2003 WL 1563349 (S.D.N.Y. Mar. 26, 2003); *Hamilton v. State Farm Mut. Auto. Ins. Co.*, 204 F.R.D. 420 (S.D. Ind. 2001); *Adams v. Allstate Ins. Co.*, 189 F.R.D. 331 (E.D. Pa. 1999).  Those cases do not stand for the proposition that exhibits should be sealed *after* trial because of their confidential, proprietary, and/or sensitive nature.  Moreover, Allstate's general assertion that it

would be at a competitive disadvantage if another insurance company obtained these exhibits is not supported by any specific facts.  *See Liljeberg Enters. Int'l, LLC v. Vista Hosp. of Baton Rouge, Inc.*, 2005 WL 1309158, at \*2 (E.D. La. May 19, 2005) (requiring defendants moving to seal parts of judicial record to provide "specifics as to what harm would come to them if this information were not sealed").  Allstate does not point to a single document or excerpt of a document within the approximately 185 pages that comprise Exhibits 7, 31, and 31A that might be harmful to its competitive position.  Its failure to do so is particularly telling given the facially benign nature of these exhibits.  Exhibit 7 includes a press release, a list of publicly available phone numbers, tips to policyholders affected by Hurricane Katrina, and suggested answers for its personnel to use when responding to questions from policyholders with hurricane claims.  Exhibit 31 and 31A contain customer service guidelines to be followed by Allstate personnel, including information that was intended to be passed along to customers.  It is not apparent that these documents contain sensitive material of any kind.  Absent elucidation from Allstate as to the specific information in these exhibits that should remain confidential, the Court refuses to seal them in their entirety based on a general request to do so.

The Court likewise finds meritless Allstate's second contention that it would be substantially prejudiced in litigating other Katrina claims if these exhibits were not sealed.  Courts "routinely allow information discovered in one proceeding to be used in other forums."  *Frees, Inc. v. McMillian*, 2007 WL 184889, at *4 (E.D. La. Jan. 22, 2007) (citing *Patterson v. Ford Motor Co.*, 85 F.R.D. 152 (W.D. Tex. 1980); *see also Wilk v. Am. Med. Ass'n*, 635 F.2d 1295, 1299-1301 (7th Cir. 1980); *Cipollone v. Liggett Group, Inc.*, 113 F.R.D. 86, 90-91 (D.N.J. 1986).  In *Patterson*, the court stated that "[s]uch collaboration among plaintiffs' attorneys would come squarely within the aims of the Federal Rules of Civil Procedure to secure the just, speedy, and inexpensive determination of every action." 85 F.R.D. at 154.  When, as here, the documents are in the possession of the court as trial exhibits, the case is even stronger for permitting other litigants to have access to them. *See Wilk*, 635 F.2d at 1299 n.7 (Wisdom, J., sitting by designation) (noting that "the purpose of the common law right of access is to check judicial abuses" and "that right should [] extend to materials upon which a judicial decision is based"). The Court therefore does not find it appropriate to seal exhibits that have already been introduced into the public record simply because Allstate would like to prevent other Katrina plaintiffs

12

from obtaining them in a more efficient, less expensive way. Moreover, simply because plaintiffs may have access to these documents before they otherwise would have obtained them through discovery is hardly prejudicial to Allstate in light of its failure to specifically demonstrate what, if anything, is sensitive or confidential about these documents.

In sum, this Court has consistently refused to seal judicial records to which the public has already had access. *See Jaufre v. Taylor*, 351 F. Supp. 2d 514, 518 (E.D. La. 2005) (declining to seal documents that had already been made a part of the public record because "[s]uch previous public access weighs in favor of continued public access"); *Liljeberg Enters. Int'l*, 2005 WL 1309158, at *2 (declining to seal deposition that had been in the public record for almost a year); *cf. Yousuf v. UHS of De La Ronde, Inc.*, 2001 WL 603959, at *5 (E.D. La. May 30, 2001) (refusing to seal documents that had been in the judicial record for three years and denying motion to sanction plaintiff's counsel for disclosure of documents three years after trial that had been subject to a protective order because defendant had not previously moved to place any documents under seal). Exhibits 7, 31, and 31A were made a part of the public record at trial, nearly four months ago, without objection by any party. Because Allstate has provided no justification that outweighs the well-

established presumption in favor of public access to judicial records, the Court declines to place these exhibits under seal.

**B.   Other Documents/Materials**

Allstate asserts, and plaintiff concedes, that plaintiff remains in possession of certain materials obtained through discovery that were not used at trial or otherwise did not become part of the public record, including pricing software.  To the extent that these materials were designated "confidential" during discovery, they remain subject to the Protective Order, including its provisions prohibiting dissemination of the materials to other Katrina litigants or to the public at large.[1]  However, the Court finds that there is no violation yet of the Protective Order as to the confidential materials that did not become part of the public record.  Under the plain terms of the Protective Order, plaintiff has until "30 days after final conclusion of all aspects of this litigation" to either return the materials to Allstate or destroy them.  (R. Doc. 46, at ¶ 46).  The Court dismissed Dr. Weiss's case against Allstate on August 3, 2007, and reserved jurisdiction to decide this dispute between Allstate

---

[1] The Court notes that if the pricing software was not actually marked "confidential," it nevertheless is subject to the provisions of the Protective Order, as the Addendum to Protective Order was entered at the time the software was produced to plaintiff.

14

and plaintiff regarding the Protective Order.  (R. Doc. 240). Plaintiff therefore has until September 3, 2007 to return or destroy these materials.  Moreover, the Court does not find, based on the evidence submitted by Allstate, that plaintiff has indicated that he intends to violate the terms of the Protective Order as they pertain to these materials.  Rather, the e-mails marked as Exhibit D indicate that plaintiff objected only to returning the documents that became part of the public record in this case.

### III. CONCLUSION

For the foregoing reasons, Allstate's motions to enforce protective order and for return of exhibit binders or, in the alternative, for certain exhibits to be placed under seal are DENIED.

New Orleans, Louisiana, this 16th day of August, 2007.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE